# FEDERAL DEFENDER SERVICES
## OF WISCONSIN, INC.
LEGAL COUNSEL

Craig W. Albee, Federal Defender
Krista A. Halla-Valdes, First Assistant

Joseph A. Bugni, Madison Supervisor
John W. Campion
Shelley M. Fite
Anderson M. Gansner
Gabriela A. Leija
Peter R. Moyers
Ronnie V. Murray
Tom E. Phillip
Joshua D. Uller
Kelly A. Welsh

22 East Mifflin Street
Suite 1000
Madison, Wisconsin  53703

Telephone 608-260-9900
Facsimile 608-260-9901

January 25, 2021

Honorable William M. Conley
United States District Court Judge
120 North Henry Street
Madison, Wisconsin 53703

  Re: *United States v. Devonere Johnson*
     Case No. 20-cr-79-wmc

To the Honorable William M. Conley:

  In anticipation of the sentencing hearing and in support of the parties' joint recommendation under Rule 11(c)(1)(c), the defense files this letter.

  I want to keep this short. The defense filed a hefty bond motion that could stand in for a sentencing memo. *See* R.34. It dives into Johnson's background, prior cases, efforts to be a father, work history, and the circumstances of his crime. Rather than copying-and-pasting from it, I would simply ask the Court to read it. It says everything I would likely have written this fall about Johnson and why this is an appropriate resolution to the case. All of those points stand true and they alone should be enough. I'm adding these additional points because I learned about them *after* I wrote that memo, and I think they are germane to the Court's decision.

  The first point is reflected in how truly committed Mr. Johnson is to his family. It's clear from the PSR that as a single father he has consistently done the right and admirable thing by way of his children. *See* PSR 60, 91. You don't need the pictures in the bond motion to know there are too few people in this world that take on that level of sacrifice.

Federal Defender Services
    Of Wisconsin, Inc.

Honorable Devonere Johnson
January 25, 2021
Page -2-

But Johnson went beyond simply doing the right thing, he's made all those sacrifices in a spirit of loving devotion.

After his release, Johnson was on house arrest. That meant he was home (all day) in a single room at the YWCA with a four-year-old boy and a newborn girl. That's hard—being cooped up with kids is exhausting, especially in a small apartment. To alleviate that burden, I met almost daily with him. He would come to the office and bring the kids, or we would walk around downtown (away from State Street) and have our meetings and talk about the case and life. In those meetings, with the kids in tow, I saw a side of a truly good and gentle man, caring for and correcting his kids.

I saw what those closest to him trumpeted in the PSR. "Ms. Johnson described her grandson as *a good father who puts his family before himself.*" *Id.* ¶ 92 (emphasis added). And "Ms. Salureh described the defendant as consistent and resilient. She admires these qualities and credits him for finding housing for the family, First at the YWCA and now at an apartment complex. *She indicated he is devoted to his children and has put their needs before his own.*" *Id.* ¶ 94 (emphasis added). That's not just reflected in the PSR, but also in the letters that were attached to his bond memo. *See* R.34:8–9. There is a consistent theme in those who interact with Mr. Johnson: he is a good-hearted person—one who doesn't seek a destructive lifestyle. Instead, he's committed to healthy living (with an emphasis on veganism); he's a hard worker; and he's a friend to the community. *Id.*

That leads to the second point that isn't reflected in the bond memo and that should be stressed: his response to the victims. When the parties first broached the subject of a plea agreement, it was clear that the defense had a different view of the facts than the government. *See* R.34:10–21; *see also* R.52 (defense's omnibus motion to dismiss). The determining factor in his decision to plead wasn't, however, the legal intricacies but the video, with everyone confronting the victim. Watching it with Johnson, it was clear he felt terrible. His perception and memory of that event was different from what the video showed. He and the others were intimidating, it was scary, and it was wrong. It's hard to know how much of the change of plea the Court remembers; it was a long time ago and cases tend to blend together. But Johnson's expression of remorse for his actions and the victims was sincere, it was keeping with his character, and it was consistent with what others have observed about him.

Those two points are not reflected in the bond memo, but they are important because they reaffirm *why* this is an appropriate resolution. Johnson is a person, who in the midst of a chaotic time engaged in conduct that was out of character. With the benefit

FEDERAL DEFENDER SERVICES
   OF WISCONSIN, INC.

Honorable Devonere Johnson
January 25, 2021
Page -2-

of time and reflection, he has righted himself. Since then, he has taken many positive steps. Those positive steps are reflected in the parties' belief that Mr. Johnson doesn't need incarceration but rather supervision and the U.S. Probation Office's continued assistance in maintaining his successful trajectory. What's more, the parties' joint recommendation has the victims' blessing. Thus, the defense urges the Court to accept the joint recommendation and sentence Mr. Johnson to time served, followed by two years of supervised release.

    Thank you for your attention to this matter.

                        Sincerely,

                        */s/ Joseph A. Bugni*

                        Joseph A. Bugni
                        Associate Federal Defender